**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4756**

───────────

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

RONALD EUGENE WATSON,

　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:21-cr-00449-TDC-1)

───────────

Submitted:  January 29, 2025　　　　　　　　Decided:  June 20, 2025

───────────

Before RICHARDSON, RUSHING, and BENJAMIN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  David A. Hubbert, Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Katie Bagley, Joseph B. Syverson, Hannah Cook, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Ronald Eugene Watson guilty on 23 counts of aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). The district court sentenced Watson to a total term of 27 months' imprisonment. Watson appeals his convictions. He argues that the district court abused its discretion under Fed. R. Evid. 404(b) by admitting into evidence his uncharged, personal tax returns for tax years 2017 and 2018. For the reasons that follow, we affirm.

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Ebert*, 61 F.4th 394, 403 (4th Cir.), *cert. denied*, 144 S. Ct. 149 (2023). "[A] district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Briley*, 770 F.3d 267, 276 (4th Cir. 2014) (internal quotation marks omitted).

Rule 404(b) of the Federal Rules of Evidence prohibits the admission into evidence of another "crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such propensity evidence is excluded because it might "so overpersuade [the jury] as to prejudge one with a bad general record." *Michelson v. United States*, 335 U.S. 469, 476 (1948). But the Rule allows the admission of evidence of other acts or crimes if the evidence is used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—in other words, nonpropensity uses of the evidence. Fed. R. Evid. 404(b)(2). To be admissible under Rule 404(b), the evidence

must be: (1) relevant to an issue other than the defendant's character; (2) necessary to prove an element of the charged offense; (3) reliable; and (4) admissible under Fed. R. Evid. 403, in that the probative value of the evidence must not be substantially outweighed by its prejudicial nature. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

"Evidence is relevant if it has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence." *United States v. Sterling*, 860 F.3d 233, 247 (4th Cir. 2017) (internal quotation marks omitted). Watson's personal tax returns included entries for business expenses in Schedule C that were similar to the falsified entries he made in the Schedule Cs of the charged tax returns for his clients, including claims for gas, cell phone use, maintenance, and meals. The Government argued that Watson's personal tax returns were similarly exaggerated or falsified, thus supporting its position that he knowingly and willfully falsified his clients' returns rather than simply relying on information provided to him by his clients to prepare their returns. We discern no abuse of discretion in the district court's finding that Watson's personal returns were sufficiently similar to the charged returns to be probative of his intent and knowledge and were therefore relevant.

Second, because "evidence is necessary when it is probative of an essential claim or an element in a manner not offered by other evidence available to the [G]overnment," *id.* (internal quotation marks omitted), and Watson argued that he lacked the requisite knowledge and willfulness to commit the offenses charged, the district court did not abuse its discretion in finding that Watson's personal returns were necessary to prove he knowingly and willfully falsified his clients' tax returns.

3

Third, evidence is reliable "unless it is so preposterous that it could not be believed by a rational and properly instructed juror." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (internal quotation marks omitted). We see nothing in the record that would render the evidence here so unbelievable. We therefore conclude that the district court acted within its discretion in finding that the evidence of Watsons's personal tax returns was reliable.

Finally, with respect to the fourth requirement, evidence is prejudicial "when it inflames the jury or encourages them to draw an inference against the defendant, based solely on a judgment about the defendant's criminal character or wicked disposition." *Sterling*, 860 F.3d at 248. Here, the challenged evidence—two years of Watson's personal tax returns—was not the kind that "would invoke emotion in place of reason" by the jury in its decision-making process or cause confusion with respect to the actual charges against Watson. *Queen*, 132 F.3d at 998. Watson's personal returns were similar to the charged returns and were not more "sensational" or shocking, *see United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011), and thus their admission did not "create a substantial risk that jurors would be excited to irrational behavior," *Seigel*, 536 F.3d at 319-20. Additionally, the district court gave a limiting instruction prohibiting the jurors from considering Watson's personal returns for any purpose other than determining knowledge and willfulness, which "effectively mitigated" the risk of undue prejudice. *United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013).

We therefore conclude that the district court did not abuse its discretion in finding that the evidence of Watsons's personal, uncharged tax returns was admissible under Rule

4

404.  Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*